# EXHIBIT A

**HOBBIE, CORRIGAN & BERTUCIO, P.C.**
*Norman M. Hobbie, Esq. (Atty. I.D. 015541980)*
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
Attorneys for Plaintiff



12:15 PM

| | |
|---|---|
| D.O., a minor by her guardian ad litem M.O., <br><br> Plaintiff, <br><br> v. <br><br> PENNSAUKEN HIGH SCHOOL; PENNSAUKEN PUBLIC SCHOOLS (a/k/a Pennsauken School District); PENNSAUKEN BOARD OF EDUCATION; TOWNSHIP OF PENNSAUKEN; PRINCIPAL TAMEKA MATTHEWS; ASSISTANT PRINCIPAL THOMAS HONEYMAN; SAFETY BUS COMPANY;  and ABC PUBLIC ENTITIES 1-5 (Fictitious Defendants); JOHN/JANE DOE PUBLIC EMPLOYEE(S) / ADMINISTRATOR(S) 1-20 (Fictitious Defendants); DEF PRIVATE ENTITIES 1-5 (Fictitious Defendants) JOHN/JANE DOE BUS DRIVER (Fictitious Defendant); JOHN/JANE DOE PRIVATE ENTITY EMPLOYEES 1-10 (Fictitious Defendants); and JOHN/JANE DOE PRIVATE ENTITY EMPLOYEES 11-20 (Fictitious Defendants). <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION, CIVIL PART <br> CAMDEN COUNTY <br> DOCKET NO. CAM-L-361-15 <br><br> <u>Civil Action</u> <br><br> **SUMMONS** |

From the State of New Jersey
To the Defendant(s) named above:  **Township of Pennsauken**

**Address of the Defendant to be served:  5605 N. Crescent Blvd., Pennsauken, NJ 08110**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the

county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: February 11, 2015                    *Michelle M. Smith*
                                        _____
                                            Superior Court Clerk

Name of Defendant to be served:  Township of Pennsauken

Address of the Defendant to be served: 5605 N. Crescent Blvd., Pennsauken, NJ 08110

**HOBBIE, CORRIGAN & BERTUCIO**
A Professional Corporation
125 Wyckoff Road
Eatontown, New Jersey 07724
(732) 380-1515
Attorneys for Plaintiff

| | |
|---|---|
| D.O., a minor by her guardian ad litem M.O., <br><br> Plaintiff, <br><br> v. <br><br> PENNSAUKEN HIGH SCHOOL; PENNSAUKEN PUBLIC SCHOOLS (a/k/a Pennsauken School District); PENNSAUKEN BOARD OF EDUCATION; TOWNSHIP OF PENNSAUKEN; PRINCIPAL TAMEKA MATTHEWS; ASSISTANT PRINCIPAL THOMAS HONEYMAN; SAFETY BUS COMPANY;  and ABC PUBLIC ENTITIES 1-5 (Fictitious Defendants); JOHN/JANE DOE PUBLIC EMPLOYEE(S) / ADMINISTRATOR(S) 1-20 (Fictitious Defendants); DEF PRIVATE ENTITIES 1-5 (Fictitious Defendants) JOHN/JANE DOE BUS DRIVER (Fictitious Defendant); JOHN/JANE DOE PRIVATE ENTITY EMPLOYEES 1-10 (Fictitious Defendants); and JOHN/JANE DOE PRIVATE ENTITY EMPLOYEES 11-20 (Fictitious Defendants). <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION, CIVIL PART <br> CAMDEN COUNTY <br> DOCKET NO. <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br><br><br><br>  <br> JAN 2 8 2015 |

PLAINTIFF, D.O., a minor by her guardian ad litem M.O., residing in

Pennsauken Township, County of Camden, New Jersey, by way of Complaint against the

above-captioned Defendants, hereby alleges as follows through her counsel, Hobbie, Corrigan & Bertucio, P.C.:

## GENERAL ALLEGATIONS

1.    At all times relevant hereto, Minor Plaintiff D.O. was a student at Defendant Pennsauken High School, a public school within the purview of Defendant Pennsauken Public Schools (a/k/a Pennsauken School District), operated under the authority of Defendant Pennsauken Board of Education and/or Defendant Township of Pennsauken.

2.    At all times relevant hereto, Defendant Tameka Matthews was the Principal of Defendant Pennsauken High School.

3.    At all times relevant hereto, Defendant Thomas Honeyman was an Assistant Principal of Defendant Pennsauken High School.

4.    At all times relevant hereto, Defendant Safety Bus Company provided bussing and transportation services to the students of Defendant Pennsauken High School (including Minor Plaintiff D.O.) pursuant to a contract or agreement with Defendant Pennsauken High School, Defendant Pennsauken School District; Defendant Pennsauken Board of Education and/or Defendant Township of Pennsauken.

5.    On June 19, 2014, Minor Plaintiff D.O. was brutally, violently and physically attacked by another Pennsauken High School student, who viciously slashed/cut Minor Plaintiff D.O. in and across her face with a bladed weapon while D.O. was onboard her school bus on Pennsauken High School grounds prior to the school bus leaving to transport D.O. from Pennsauken High School to her home.

2

6.     The Defendants named herein and their employees, agents, representatives, servants, and/or affiliates had prior, actual knowledge and constructive knowledge that Minor Plaintiff D.O.'s assailant posed a known imminent physical threat of severe bodily injury and physical danger to D.O., and that D.O.'s assailant had committed a prior violent assault or assaults against D.O., and that minor D.O.'s assailant had previously demonstrated violent/dangerous propensities, which posed a known imminent physical threat of violence and serious bodily injury toward D.O.

7.     Specifically, the above-captioned Defendants knew that Minor Plaintiff D.O.'s assailant had committed a prior vicious, violent and heinous unprovoked physical assault upon D.O. on school property (which was depicted on videotape) approximately two weeks prior to the subject attack, and that D.O. feared for her personal safety and well-being, and specifically, that D.O. feared that she would again suffer a subsequent violent, brutal and heinous attack resulting in serious bodily injury by the same assailant, and thus D.O. went to Defendants seeking their protection for her physical safety.

8.     Notwithstanding the foregoing actual and constructive knowledge that another physical violent attack against Minor Plaintiff D.O. was imminent, the above-captioned Defendants ignored minor D.O.'s repeated pleas for protection from the subject assailant.

9.     The above-captioned Defendants also ignored D.O.'s request that she be provided with an alternative, safe and secure means of transportation to and from the school, so as to ensure her physical safety and well-being, in light of the fact that D.O.'s assailant was assigned to the same school bus as D.O.

3

10.    Specifically, after the prior physical attack, the above-captioned Defendants permitted Minor Plaintiff D.O.'s assailant to again return to school, and on June 19, 2014, Defendants permitted said assailant to again board the school bus with Minor Plaintiff D.O., whom said assailant had previously physically attacked and assaulted and threatened to attack and assault again in the future, without taking any action whatsoever to protect D.O. from another foreseeable, imminent, violent, vicious and heinous physical attack, thereby demonstrating a wanton and willful, reckless, careless, negligent, and palpably unreasonable disregard/indifference to the health, physical safety and well-being of Minor Plaintiff D.O.

11.    As a result of the afore-described wanton and willful, reckless, careless, negligent, and palpably unreasonable acts and omissions of the above-captioned Defendants, Minor Plaintiff D.O. was again brutally and violently physically attacked/assaulted by her prior assailant, who on June 19, 2014, viciously slashed/cut D.O. in the face with bladed weapon.

12.    As a result of this second vicious and violent physical attack, Minor Plaintiff D.O. sustained life-altering, permanent physical injuries, pain and suffering, significant, severe and permanent facial scarring, significant obvious and noticeable facial disfigurement and deformities, nerve/neurological injuries, psychological and emotional injuries, grief, anguish and torment, feelings of isolation, alienation and a loss of self-esteem, fear, frustration, a loss of economic opportunity, was forced to expend great sums of money to treat her injuries, and suffered a profound loss of enjoyment of life.

4

## COUNT ONE

13.     Minor Plaintiff D.O. repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates same by reference as though set forth herein.

14.     At all times relevant hereto, Defendant Pennsauken High School, located at 800 Hylton Road, Pennsauken, New Jersey,  was a public entity organized and existing under the laws of the State of New Jersey, and as such, Defendant Pennsauken High School (including its employees, agents, representatives, servants, and/or affiliates) had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as their own internal policies and procedures, at all times during which said students were present on school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.  In accordance with N.J.S.A. 59:8-7, Notice of Claim was served upon Defendant Pennsauken High School on or about June 26, 2014. See Exhibit "A" hereto.

15.     At all times relevant hereto, Defendant Pennsauken Public Schools (a/ka Pennsauken School District), located at 1695 Hylton Road, Pennsauken, New Jersey, was a public entity organized and existing under the laws of the State of New Jersey, and as such, Defendant Pennsauken Public Schools (including its employees, agents, representatives, servants, and/or affiliates) had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable

5

injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as their own internal policies and procedures, at all times during which said students were present on school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.  In accordance with N.J.S.A. 59:8-7, Notice of Claim was served upon Defendant Pennsauken Public Schools (addressed to Pennsauken School District) to the attention of then-Superintendent Marilyn Martinez, on or about June 26, 2014.  See Exhibit "B" hereto.

16.    At all times relevant hereto, Defendant Pennsauken Board of Education, located at 1695 Hylton Road, Pennsauken, New Jersey,  was a public entity organized and existing under the laws of the State of New Jersey, and as such, Defendant Pennsauken Board of Education (including its employees, agents, representatives, servants, and/or affiliates) had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as their own internal policies and procedures, at all times during which said students were present on school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.  In accordance with N.J.S.A. 59:8-7, Notice of Claim was served upon Defendant Pennsauken Board of Education, to the attention of then-Superintendent Marilyn Martinez, on or about June 26, 2014.  See Exhibit "C" hereto.

6

17.    At all times relevant hereto, Defendant Township of Pennsauken, located at 5605 N. Crescent Blvd., Pennsauken, New Jersey, was a public entity organized and existing under the laws of the State of New Jersey, and Defendant Township of Pennsauken (including its employees, agents, representatives, servants, and/or affiliates) had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as their own internal policies and procedures, at all times during which said students were present on school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.  In accordance with N.J.S.A. 59:8-7, Notice of Claim was served upon Defendant Township of Pennsauken, to the attention of Gene Padalino, RMC, Township Clerk, on or about June 26, 2014.  See Exhibit "D" hereto.

18.    At all times relevant hereto, Defendant Principal Tameka Matthews, was Principal of Defendant Pennsauken High School, located at 800 Hylton Road, Pennsauken, New Jersey, and an agent/servant/employee/representative/affiliate of Defendants Pennsauken High School, Pennsauken Public Schools, Pennsauken Board of Education, Township of Pennsauken, and/or ABC Public Entities 1-5 (Fictitious defendants),  which are public entities organized and existing under the laws of the State of New Jersey, and as such, Defendant Principal Matthews had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in

7

accordance with applicable laws, regulations, ordinances and standards, as well as internal policies and procedures, at all times during which said students were present on school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.  In accordance with N.J.S.A. 59:8-7, Notice of Claim was served upon Defendant Principal Tameka Matthews on or about June 26, 2014.  See Exhibit "E" hereto.

19.    At all times relevant hereto, Defendant Assistant Principal Thomas Honeyman, was an Assistant Principal of Defendant Pennsauken High School, located at 800 Hylton Road, Pennsauken, New Jersey, and an agent/servant/employee/ representative/affiliate of Defendants Pennsauken High School, Pennsauken Public Schools, Pennsauken Board of Education, Township of Pennsauken, and/or ABC Public Entities 1-5 (Fictitious defendants),  which are public entities organized and existing under the laws of the State of New Jersey, and as such, Defendant Assistant Principal Honeyman had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as internal policies and procedures, at all times during which said students were present on school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.  In accordance with N.J.S.A. 59:8-7, Notice of Claim was served upon Defendant Assistant Principal Thomas Honeyman on or about June 26, 2014.  See Exhibit "F" hereto.

20.     At all times relevant hereto, Defendants ABC Public Entities 1-5

(Fictitious defendants) were public entities organized and existing under the laws of the

State of New Jersey, and as such, Defendants ABC Public Entities 1-5 (including their

employees, agents, representatives, servants, and/or affiliates) had a duty to protect the

students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of

foreseeable injury (including injury inflicted by third parties or other students), in

accordance with applicable laws, regulations, ordinances and standards, as well as their

own internal policies and procedures, at all times during which said students were present

on school grounds or school/public property and at all times during which said students

were present on school buses for the purpose of being transported to or from school

grounds or school/public property.

21.     At all times relevant hereto, Defendants John/Jane Doe Public

Employees/Administrators 1-20 (Fictitious Defendants), were agents/servants/employees/

representatives/affiliates or administrators of Defendants Pennsauken High School,

Pennsauken Public Schools, Pennsauken Board of Education, Township of Pennsauken,

and/or ABC Public Entities 1-5 (Fictitious Defendants), which are public entities

organized and existing under the laws of the State of New Jersey, and as such, had a duty

to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from

the risk of foreseeable injury (including injury inflicted by third parties or other students),

in accordance with applicable laws, regulations, ordinances and standards, as well as

internal policies and procedures, at all times during which said students were present on

school grounds or school/public property and at all times during which said students were

present on school buses for the purpose of being transported to or from school grounds or school/public property.

22.   On or about June 19, 2014, and at all other times relevant hereto, Minor Plaintiff D.O. was a student at Pennsauken High School and was at all times under the supervision, control and care of Defendants Pennsauken High School, Pennsauken Public Schools, Pennsauken Board of Education, Township of Pennsauken, ABC Public Entities 1-5 (Fictitious Defendants) (including any and all employees, agents, representatives, servants, and/or affiliates of the aforementioned Defendants), Principal Tameka Matthews, Assistant Principal Thomas Honeyman, and  John/Jane Doe Public Employees/Administrators 1-20 (Fictitious Defendants).

23.   The Defendants mentioned in the preceding paragraph were, at all times referenced herein, responsible (directly and through their employees, agents, representatives, servants and/or affiliates under the principles of respondeat superior) for the maintenance, monitoring, supervision, discipline, control, and safety of the students of Defendant Pennsauken High School, including while said students were on school property and on school buses.

24.   Minor Plaintiff D.O. asserts the following allegations against Defendants Pennsauken High School, Pennsauken Public Schools, Pennsauken Board of Education, Township of Pennsauken,  Principal Tameka Matthews, Assistant Principal Thomas Honeyman, ABC Public Entities 1-5, and John/Jane Doe Public Employees/Administrators 1-20 (Fictitious Defendants) and their employees, agents, representatives, servants, and/or affiliates, all of which constitute palpably unreasonable, negligent, careless and/or reckless conduct by said Defendants:

10

a. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure and non-violent school environment;

b. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure and non-violent means of transportation to and from school;

c. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure school environment that did not pose an imminent threat of physical bodily injury;

d. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure school environment that did not pose an imminent threat of a second physical violent attack;

e. Permitted a knowingly dangerous condition to arise which presented an unreasonable and foreseeable risk of bodily injury to students, and specifically to Minor Plaintiff D.O.;

f. Permitted a knowingly dangerous, imminent, palpably unreasonable and foreseeable risk of bodily injury to students, and specifically to Minor Plaintiff D.O.

g. Failure to take sufficient steps to protect students, including Minor Plaintiff D.O., from an imminent and known risk of physical harm;

h. Failure to take sufficient steps to protect Minor Plaintiff D.O., from an imminent and foreseeable subsequent physical assault;

i. Failure to enforce the Pennsauken School District Code of Conduct and other policies of the Pennsauken Public Schools and Pennsauken High School;

j. Failure to enforce and abide by the Anti-Bullying Bill of Rights Act, P.L. 2010, c. 122, and the regulations and guidelines promulgated thereunder, including but not limited to *Guidance for Schools on Implementing the Anti-Bullying Bill of Rights Act* and *Model Policy and Guidance for Prohibiting Harassment, Intimidation and Bullying on School Property, at School-Sponsored Functions and on School Buses,* promulgated by the New Jersey Department of Education;

k. Failure to formulate and enforce the legally required, appropriate policies and procedures for responding to incidents of bullying and protecting the victims of bullying and attacks (such as Minor Plaintiff D.O.);

l. Failure to take proper measures to prevent students (including the Minor Plaintiff D.O.'s assailant) from carrying deadly weapons on school property/school buses, particularly when said students had previously engaged in assaultive conduct;

m. Failure to prevent students from possessing deadly weapons on school buses/school property;

n. Failed to communicate with others regarding risks to students riding/boarding school busses;

o. Failure to deploy/utilize additional appropriate security measures so as to protect students including Minor Plaintiff D.O. from foreseeable criminal activity;

11

p.  Failure to deploy/utilize additional appropriate security measures so as to protect Minor Plaintiff D.O., from a known and imminent threat of physical bodily harm;

q.  Failure to deploy/utilize additional appropriate security measures so as to protect Minor Plaintiff D.O. from a known and imminent subsequent attack/assault by the same assailant;

r.  Failure to take appropriate action to prevent criminal activity from occurring against students, including Minor Plaintiff D.O. on school buses, and/or on school property;

s.  Failure to implement adequate security/surveillance to protect students, including Minor Plaintiff D.O. from imminent risk of physical bodily harm;

t.  Failure to implement adequate security/surveillance to protect students, including Minor Plaintiff D.O. from a foreseeable risk of physical bodily harm;

u.  Failure to provide adequate protection to students, including Minor Plaintiff D.O.;

v.  Failure to provide adequate supervision of students;

w.  Failure to impose long term suspension and/or expulsion upon students who assault/attack or otherwise inflict serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

x.  Failure to withdraw the bussing privileges of students who assault/attack or otherwise inflict serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

y.  Failure to re-assign students to separate busses so that Minor Plaintiff D.O.'s assailant would not be assigned to ride on the same bus as her;

z.  Failure to supervise, isolate and/or monitor students who had previously assaulted/attacked or otherwise inflicted serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

aa. Failure to provide a safe and adequate means of transportation for its students, including Minor Plaintiff D.O.;

bb. Failure to provide any/adequate security guards/aides on school buses;

cc. Failure to provide any/adequate security guards/aides on school premises;

dd. Failure to provide adequate school management;

ee. Failure to maintain appropriate surveillance measures;

ff. Failure to adhere to internal security procedures;

gg. Failure to warn others of the imminent danger presented by the dangerous condition;

hh. Failure to properly discipline students who commit a level 2 infraction, including the minor Claimant's assailant;

ii. Failure to properly discipline students with a known history of level 2 infractions, including the Minor Plaintiff D.O.'s assailant;

jj. Failure to properly discipline, monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant),who commit a level 2 infraction:

12

kk. Failure to properly discipline, monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant), with a known history of level 2 infractions;

ll. Failure to properly monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant), with a history of violence against other students;

mm.     Failure to properly monitor, isolate, and otherwise control students (Minor Plaintiff D.O.'s assailant), with a known propensity to commit violent acts against other students;

nn. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate action so as to ensure that such acts did not re-occur;

oo. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate remedial action so as to prevent additional acts of violence and/or criminal activity;

pp. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate remedial action so as to protect students from foreseeable bodily injury;

qq. Failure to properly supervise students being transported to and from school, so as to prevent foreseeable acts of violence, and/or criminal conduct from occurring/re-occurring;

rr. Failure to properly monitor students being transported to and from school, so as to prevent foreseeable acts of violence, and/or criminal conduct from occurring/re-occurring;

ss. Failure to take proper precautions so as to prevent an imminent, foreseeable and palpably unreasonable risk of bodily injury to students, and in particular, to Minor Plaintiff D.O.;

tt. Failure to take proper precautions so as to protect students, and in particular, Minor Plaintiff D.O., from an imminent, foreseeable and palpably unreasonable risk of bodily injury;

uu. Failure to take proper precautions so as to protect students, and in particular, Minor Plaintiff D.O., from an imminent, foreseeable and palpably unreasonable risk of another violent and brutal physical attack/assault;

vv. Failure to exercise proper care so as to ensure the safety of the students;

ww.     Failure to operate, maintain and control the premises and school property so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

xx. Failure to observe unsafe conditions so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

yy. Failure to correct unsafe conditions so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

zz. Negligent hiring, training and supervision of personnel/staff/employees;

13

aaa.     Failure to properly inform and or warn others of a known dangerous condition;

bbb.     Failure to properly inform and or warn others of a known, dangerous and imminent threat of bodily harm and physical injury;

ccc.     Otherwise failed to ensure that the school buses were monitored, policed and supervised so as to ensure safe environment for students, and in particular, Minor Plaintiff D.O.;

ddd.     Otherwise failed to ensure that the school premises were policed and supervised so as to ensure safe environment for students, and in particular, Minor Plaintiff D.O.; and

eee.     Ignored and failed to appropriately respond to Minor Plaintiff D.O.'s express statements that she feared a subsequent attack from her assailant and that she did not want to ride on the same bus as her assailant out of fear for her safety.

25.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or palpably unreasonable conduct of Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township of Pennsauken,  Principal Tameka Matthews, Assistant Principal Thomas Honeyman, ABC Public Entities 1-5, and John/Jane Doe Public Employees/ Administrators 1-20 (Fictitious Defendants) as described in the preceding paragraphs, Minor Plaintiff D.O. was caused to sustain life-altering, permanent physical injuries, pain and suffering, significant, severe and permanent facial scarring, significant obvious and noticeable facial disfigurement and deformities, nerve/neurological injuries, psychological and emotional injuries, grief, anguish and torment, feelings of isolation, alienation and a loss of self-esteem, fear, frustration, a loss of economic opportunity, forced to expend great sums of money to treat her injuries; and a profound loss of enjoyment of life.

WHEREFORE, Minor Plaintiff D.O., through her guardian ad litem M.O., demands judgment against Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township

14

of Pennsauken, Principal Tameka Matthews, Assistant Principal Thomas Honeyman,

ABC Public Entities 1-5, and John/Jane Doe Public Employees/Administrators 1-20

(Fictitious Defendants), jointly, severally, and individually for damages, together with

interest, attorneys; fees, costs of suit and such other relief as the Court may deem just and

equitable.

## SECOND COUNT

26.     Minor Plaintiff D.O. repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates same by reference as though set forth herein.

27.     The above-described conduct of Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township of Pennsauken, Principal Tameka Matthews, Assistant Principal Thomas Honeyman, ABC Public Entities 1-5, and John/Jane Doe Public Employees/ Administrators 1-20 (Fictitious Defendants) was more than momentary thoughtlessness, inadvertence, or error of judgment on the part of these Defendants.

28.     Instead, said misconduct constitutes such an entire want of care and conscious indifference to the rights, welfare, safety, and health of Minor Plaintiff D.O. that said actions constitute wanton and willful misconduct.

29.     Indeed, the above-named Defendants failed to take appropriate measures to protect Minor Plaintiff D.O. from a subsequent/repeat attack from her assailant despite the fact that these Defendants had actual knowledge of the recent, brutal attack upon Minor Plaintiff D.O., despite the fact that D.O. expressly stated that she feared for her safety due to the likelihood of a repeat attack by the same assailant, and despite the fact that D.O. explicitly advised that she believed her physical safety was in jeopardy and requested that arrangements be made so that she would not have to ride the same school bus with her assailant.

30.     Said misconduct demonstrates a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to the

16

welfare of their students, including Minor Plaintiff D.O., and warrants the imposition of Punitive Damages.

31.     As a direct and proximate result of the willful and wanton misconduct of Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township of Pennsauken, Principal Tameka Matthews, Assistant Principal Thomas Honeyman, ABC Public Entities 1-5, and John/Jane Doe Public Employees/Administrators 1-20 (Fictitious Defendants) as described in the preceding paragraphs, Minor Plaintiff D.O. was caused to sustain life-altering, permanent physical injuries, pain and suffering, significant, severe and permanent facial scarring, significant obvious and noticeable facial disfigurement and deformities, nerve/neurological injuries, psychological and emotional injuries, grief, anguish and torment, feelings of isolation, alienation and a loss of self-esteem, fear, frustration, a loss of economic opportunity, forced to expend great sums of money to treat her injuries; and a profound loss of enjoyment of life.

WHEREFORE, Minor Plaintiff D.O., through her guardian ad litem M.O., demands judgment against Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township of Pennsauken, Principal Tameka Matthews, Assistant Principal Thomas Honeyman, ABC Public Entities 1-5, and John/Jane Doe Public Employees/Administrators 1-20 (Fictitious Defendants), jointly, severally, and individually for punitive damages, together with interest, attorneys' fees, costs of suit and such other relief as the Court may deem just and equitable.

## THIRD COUNT

32.     Minor Plaintiff D.O. repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates same by reference as though set forth herein.

33.     At all times relevant hereto, Defendant Safety Bus Company, a company with a place of business at 7200 Park Avenue, Pennsauken, New Jersey, contracted or agreed to provide transportation and school bus services for Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township of Pennsauken, and/or ABC Public Entities 1-5 (Fictitious Defendants) and, as such, had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as internal policies and procedures, at all times during which said students were present on and/or in the process of boarding school buses for the purpose of being transported to or from school grounds or school/public property.

34.     At all times relevant hereto, Defendant John/Jane Doe Bus Driver (Fictitious Defendant) and Defendants John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants), were employees/agents/servants/representatives/affiliates of Defendant Safety Bus Company and/or Defendants DEF Private Entities 1-5, and, as such, had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and

18

standards, as well as internal policies and procedures, at all times during which said students were present on school buses and/or in the process of boarding school buses for the purpose of being transported to or from school grounds or school/public property.

35.     On or about June 19, 2014, and at all other times relevant hereto, Minor Plaintiff D.O. was a student at Pennsauken High School and was assigned to be transported from school to her home by Defendant Safety Bus Company, on a bus operated by John/Jane Doe Bus Driver (Fictitious Defendant).

36.     While on said bus and/or while in the process of boarding said bus, Minor Plaintiff D.O. was at all times under the supervision, control and care of Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant) and Defendants John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants).

37.     Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant) and Defendants John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants) were, at all times referenced herein, responsible (directly and through their employees, agents, representatives, servants and/or affiliates under the principles of respondeat superior) for the maintenance, monitoring, supervision, discipline, control, and safety of the students of Defendant Pennsauken High School who were assigned to be transported by Defendant Safety Bus Company's school buses, including Minor Plaintiff D.O. and her assailant.

38.     Minor Plaintiff D.O. asserts the following allegations against Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant), Defendants John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants) and their

employees, agents, representatives, servants, and/or affiliates, all of which constitute

negligent, careless, reckless, and/or palpably unreasonable conduct by said Defendants:

    a. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure and non-violent school bus environment;

    b. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure and non-violent means of transportation to and from school;

    c. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure school bus environment that did not pose an imminent threat of physical bodily injury;

    d. Failure to provide students, including Minor Plaintiff D.O., with a safe, secure school bus environment that did not pose an imminent threat of a second physical violent attack;

    e. Permitted a knowingly dangerous condition to arise which presented an unreasonable and foreseeable risk of bodily injury to students, and specifically to Minor Plaintiff D.O.;

    f. Permitted a knowingly dangerous, imminent, and foreseeable risk of bodily injury to students, and specifically to Minor Plaintiff D.O.

    g. Failure to take sufficient steps to protect students, including Minor Plaintiff D.O., from an imminent and known risk of physical harm;

    h. Failed to communicate with others regarding risks to students riding Defendants' busses;

    i. Failure to take sufficient steps to protect Minor Plaintiff D.O., from an imminent and foreseeable physical assault;

    j. Failure to enforce the Pennsauken School District Code of Conduct and other policies of the Pennsauken Public Schools and Pennsauken High School and other applicable internal policies of the Pennsauken Public Schools or Defendant Safety Bus Co.;

    k. Failure to enforce and abide by the Anti-Bullying Bill of Rights Act, P.L. 2010, c. 122, and the regulations and guidelines promulgated thereunder, including but not limited to *Guidance for Schools on Implementing the Anti-Bullying Bill of Rights Act* and *Model Policy and Guidance for Prohibiting Harassment, Intimidation and Bullying on School Property, at School-Sponsored Functions and on School Buses,* promulgated by the New Jersey Department of Education;

    l. Failure to take proper measures to prevent students (including the Minor Plaintiff D.O.'s assailant) from carrying deadly weapons on school buses, particularly when said students had previously engaged in assaultive conduct;

    m. Failure to prevent students from possessing deadly weapons on school buses/school property;

    n. Failure to deploy/utilize additional appropriate security measures so as to protect students including Minor Plaintiff D.O. from foreseeable criminal activity;

o. Failure to deploy/utilize additional appropriate security measures so as to protect Minor Plaintiff D.O. from a known and imminent threat of physical bodily harm;

p. Failure to deploy/utilize additional appropriate security measures so as to protect Minor Plaintiff D.O. from a known and imminent subsequent attack/assault by the same assailant;

q. Failure to take appropriate action to prevent criminal activity from occurring against students, including Minor Plaintiff D.O. on school buses, and/or on school property;

r. Failure to implement adequate security/surveillance to protect students, including Minor Plaintiff D.O. from imminent risk of physical bodily harm;

s. Failure to implement adequate security/surveillance to protect students, including Minor Plaintiff D.O., from a foreseeable risk of physical bodily harm;

t. Failure to provide adequate protection to students, including Minor Plaintiff D.O.;

u. Failure to provide adequate supervision of students;

v. Failure to withdraw the bussing privileges of students who assault/attack or otherwise inflict serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

w. Failure to re-assign students to separate busses so that Minor Plaintiff D.O.'s assailant would not be assigned to ride on the same bus as her;

x. Failure to supervise, isolate and/or monitor students who had previously assaulted/attacked or otherwise inflicted serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

y. Failure to provide a safe and adequate means of transportation for students, including Minor Plaintiff D.O.;

z. Failure to abide by its contract/agreement with Defendants Pennsauken High School, Pennsauken Public Schools, Pennsauken Board of Education and/or Township of Pennsauken;

aa. Failure to provide any/adequate security guards/aides for school buses;

bb. Failure to maintain appropriate surveillance / monitoring measures;

cc. Failure to adhere to internal security procedures;

dd. Failure to warn others of the imminent danger presented by the dangerous condition;

ee. Failure to properly monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant),who commit a level 2 infraction;

ff. Failure to properly monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant), with a known history of level 2 infractions;

gg. Failure to properly monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant), with a history of violence against other students;

hh. Failure to properly monitor, isolate, and otherwise control students (Minor Plaintiff D.O.'s assailant), with a known propensity to commit violent acts against other students;

ii. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate action so as to ensure that such acts did not re-occur;

jj. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate remedial action so as to prevent additional acts of violence and/or criminal activity;

kk. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate remedial action so as to protect students from foreseeable bodily injury;

ll. Failure to properly supervise students being transported to and from school, so as to prevent foreseeable acts of violence, and/or criminal conduct from occurring/re-occurring;

mm. Failure to properly monitor students being transported to and from school, so as to prevent foreseeable acts of violence, and/or criminal conduct from occurring/re-occurring;

nn. Failure to take proper precautions so as to prevent an imminent, foreseeable and palpably unreasonable risk of bodily injury to students, and in particular, to Minor Plaintiff D.O.;

oo. Failure to take proper precautions so as to protect students, and in particular, Minor Plaintiff D.O. from an imminent, foreseeable and palpably unreasonable risk of bodily injury;

pp. Failure to take proper precautions so as to protect students, and in particular, Minor Plaintiff D.O. from an imminent, foreseeable and palpably unreasonable risk of another violent and brutal physical attack/assault;

qq. Failure to exercise proper care so as to ensure the safety of the students;

rr. Failure to operate, maintain and control the bus so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

ss. Failure to observe unsafe conditions so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

tt. Failure to correct unsafe conditions so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

uu. Negligent hiring, training and supervision of personnel/staff/employees;

vv. Failure to properly inform and or warn others of a known, dangerous condition;

ww. Failure to properly inform and or warn others of a known, dangerous and imminent threat of bodily harm and physical injury; and

xx. Otherwise failed to ensure that the school buses were monitored, policed and supervised so as to ensure a safe environment for students, and in particular, Minor Plaintiff D.O.

22

yy. Ignored and failed to appropriately respond to Minor Plaintiff D.O.'s express statements that she feared a subsequent attack from her assailant and that she did not want to ride on the same bus as her assailant out of fear for her safety.

39.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or palpably unreasonable conduct of Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant) and Defendants John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants) as described in the preceding paragraphs, Minor Plaintiff D.O. was caused to sustain life-altering, permanent physical injuries, pain and suffering, significant, severe and permanent facial scarring, significant obvious and noticeable facial disfigurement and deformities, nerve/neurological injuries, psychological and emotional injuries, grief, anguish and torment, feelings of isolation, alienation and a loss of self-esteem, fear, frustration, a loss of economic opportunity, forced to expend great sums of money to treat her injuries; and a profound loss of enjoyment of life.

WHEREFORE, Minor Plaintiff D.O., through her guardian ad litem M.O., demands judgment against Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant), and John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants) jointly, severally, and individually for damages, together with interest, attorneys; fees, costs of suit and such other relief as the Court may deem just and equitable.

## FOURTH COUNT

40.     Minor Plaintiff D.O. repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates same by reference as though set forth herein.

41.     The above-described conduct of Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant), and John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants)was more than momentary thoughtlessness, inadvertence, or error of judgment on the part of these Defendants.

42.     Instead, said misconduct constitutes such an entire want of care and conscious indifference to the rights, welfare, safety, and health of Minor Plaintiff D.O. that said actions constitute wanton and willful misconduct.

43.     Indeed, the above-named Defendants failed to take appropriate measures to protect Minor Plaintiff D.O. from a subsequent/repeat attack from her assailant despite the fact that these Defendants had actual and/or constructive knowledge of the recent, brutal attack upon Minor Plaintiff D.O., despite the fact that D.O. expressly stated that she feared for her safety due to the likelihood of a repeat attack by the same assailant, and despite the fact that D.O. explicitly advised that she believed her physical safety was in jeopardy and requested that arrangements be made so that she would not have to ride the same school bus with her assailant.

44.     Said misconduct demonstrates a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to the welfare of their students, including Minor Plaintiff D.O., and warrants the imposition of Punitive Damages.

45.    As a direct and proximate result of the willful and wanton misconduct of Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant), and John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants) as described in the preceding paragraphs, Minor Plaintiff D.O. was caused to sustain life-altering, permanent physical injuries, pain and suffering, significant, severe and permanent facial scarring, significant obvious and noticeable facial disfigurement and deformities, nerve/neurological injuries, psychological and emotional injuries, grief, anguish and torment, feelings of isolation, alienation and a loss of self-esteem, fear, frustration, a loss of economic opportunity, forced to expend great sums of money to treat her injuries; and a profound loss of enjoyment of life.

**WHEREFORE**, Minor Plaintiff D.O., through her guardian ad litem M.O., demands judgment against Defendants Safety Bus Company, John/Jane Doe Bus Driver (Fictitious Defendant), and John/Jane Doe Private Entity Employees 1-10 (Fictitious Defendants), jointly, severally, and individually for punitive damages, together with interest, attorneys; fees, costs of suit and such other relief as the Court may deem just and equitable.

## FIFTH COUNT

46.     At all times relevant hereto, Defendants DEF Private Entities 1-5 (Fictitious Defendants), were companies that contracted with or were employed by Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township of Pennsauken, and/or ABC Public Entities 1-5 (Fictitious Defendants), and as such, had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as internal policies and procedures, at all times during which said students were present on school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.

47.     At all times relevant hereto, Defendants John/Jane Doe Private Entity Employees 11-20 (Fictitious Defendants), were employees/agents/servants/ representatives/affiliates of companies that contracted with or were employed by Defendants Pennsauken High School, Pennsauken Public Schools (a/k/a Pennsauken School District), Pennsauken Board of Education, Township of Pennsauken, and/or ABC Public Entities 1-5 (Fictitious Defendants), and as such, had a duty to protect the students of Pennsauken High School (such as Minor Plaintiff D.O.) from the risk of foreseeable injury (including injury inflicted by third parties or other students), in accordance with applicable laws, regulations, ordinances and standards, as well as internal policies and procedures, at all times during which said students were present on

school grounds or school/public property and at all times during which said students were present on school buses for the purpose of being transported to or from school grounds or school/public property.

48.     The Defendants mentioned in the preceding paragraph were, at all times referenced herein, responsible (directly and through their employees, agents, representatives, servants and/or affiliates under the principles of respondeat superior) for the maintenance, monitoring, supervision, discipline, control, and safety of the students of Defendant Pennsauken High School, including while said students were on school property and on school buses.

49.     Minor Plaintiff D.O. asserts the following allegations against Defendants DEF Private Entities 1-5 (Fictitious Defendants), and John/Jane Doe Private Employees 11-20 (Fictitious Defendants) and their employees, agents, representatives, servants, and/or affiliates. all of which constitute palpably unreasonable, negligent, careless, and/or reckless conduct by said Defendants:

    a.  Failure to provide students, including  Minor Plaintiff D.O., with a safe, secure and non-violent school environment;
    b.  Failure to provide students, including  Minor Plaintiff D.O., with a safe, secure and non-violent means of transportation to and from school;
    c.  Failure to provide students, including  Minor Plaintiff D.O., with a safe, secure school environment that did not pose an imminent threat of physical bodily injury;
    d.  Failure to provide students, including  Minor Plaintiff D.O., with a safe, secure school environment that did not pose an imminent threat of a second physical violent attack;
    e.  Permitted a knowingly dangerous condition to arise which presented an unreasonable and foreseeable risk of bodily injury to students, and specifically to Minor Plaintiff D.O.;
    f.  Permitted a knowingly dangerous, imminent, palpably unreasonable and foreseeable risk of bodily injury to students, and specifically to Minor Plaintiff D.O.
    g.  Failure to take sufficient steps to protect students, including  Minor Plaintiff D.O., from an imminent and known risk of physical harm;

h.  Failure to take sufficient steps to protect Minor Plaintiff D.O.. from an imminent and foreseeable subsequent physical assault;

i.  Failure to enforce the Pennsauken School District Code of Conduct and other policies of the Pennsauken Public Schools and Pennsauken High School;

j.  Failure to enforce and abide by the Anti-Bullying Bill of Rights Act, P.L. 2010, c. 122, and the regulations and guidelines promulgated thereunder, including but not limited to *Guidance for Schools on Implementing the Anti-Bullying Bill of Rights Act* and *Model Policy and Guidance for Prohibiting Harassment, Intimidation and Bullying on School Property, at School-Sponsored Functions and on School Buses*, promulgated by the New Jersey Department of Education;

k.  Failure to formulate and enforce the legally required, appropriate policies and procedures for responding to incidents of bullying and protecting the victims of bullying and attacks (such as Minor Plaintiff D.O.);

l.  Failure to take proper measures to prevent students (including the Minor Plaintiff D.O.'s assailant) from carrying deadly weapons on school property/school buses, particularly when said students had previously engaged in assaultive conduct;

m.  Failure to prevent students from possessing deadly weapons on school buses/school property;

n.  Failure to deploy/utilize additional appropriate security measures so as to protect students, including Minor Plaintiff D.O., from foreseeable criminal activity;

o.  Failure to deploy/utilize additional appropriate security measures so as to protect Minor Plaintiff D.O., from a known and imminent threat of physical bodily harm;

p.  Failure to deploy/utilize additional appropriate security measures so as to protect Minor Plaintiff D.O., from a known and imminent subsequent attack/assault by the same assailant;

q.  Failure to take appropriate action to prevent criminal activity from occurring against students, including Minor Plaintiff D.O. on school buses, and/or on school property;

r.  Failure to implement adequate security/surveillance to protect students, including Minor Plaintiff D.O., from imminent risk of physical bodily harm;

s.  Failure to implement adequate security/surveillance to protect students, including Minor Plaintiff D.O., from a foreseeable risk of physical bodily harm;

t.  Failure to provide adequate protection to students, including Minor Plaintiff D.O.;

u.  Failure to provide adequate supervision of students;

v.  Failure to impose long term suspension and/or expulsion upon students who assault/attack or otherwise inflict serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

28

w. Failure to withdraw the bussing privileges of students who assault/attack or otherwise inflict serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

x. Failure to re-assign students to separate busses so that Minor Plaintiff D.O.'s assailant would not be assigned to ride on the same bus as her;

y. Failure to supervise, isolate and/or monitor students who had previously assaulted/attacked or otherwise inflicted serious bodily injury upon other students, including Minor Plaintiff D.O.'s assailant;

z. Failure to provide a safe and adequate means of transportation for its students, including Minor Plaintiff D.O.;

aa. Failure to provide any/adequate security guards/aides on school buses;

bb. Failure to provide any/adequate security guards/aides on school premises;

cc. Failure to provide adequate school management;

dd. Failure to maintain appropriate surveillance measures;

ee. Failure to adhere to internal security procedures;

ff. Failure to warn others of the imminent danger presented by the dangerous condition;

gg. Failure to properly discipline students who commit a level 2 infraction, including the minor Claimant's assailant;

hh. Failure to properly discipline students with a known history of level 2 infractions, including the Minor Plaintiff D.O.'s assailant;

ii. Failure to properly discipline, monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant),who commit a level 2 infraction;

jj. Failure to properly discipline, monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant), with a known history of level 2 infractions;

kk. Failure to properly monitor, isolate and otherwise control students (including Minor Plaintiff D.O.'s assailant), with a history of violence against other students;

ll. Failure to properly monitor, isolate, and otherwise control students (Minor Plaintiff D.O.'s assailant), with a known propensity to commit violent acts against other students;

mm.    Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate action so as to ensure that such acts did not re-occur;

nn. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate remedial action so as to prevent additional acts of violence and/or criminal activity;

oo. Had actual and/or constructive knowledge of prior incidents of acts of prior violence and/or criminal activity committed by one student against another student, and failed to take proper and appropriate remedial action so as to protect students from foreseeable bodily injury:

29

pp. Failure to properly supervise students being transported to and from school, so as to prevent foreseeable acts of violence, and/or criminal conduct from occurring/re-occurring;

qq. Failure to properly monitor students being transported to and from school, so as to prevent foreseeable acts of violence, and/or criminal conduct from occurring/re-occurring;

rr. Failure to take proper precautions so as to prevent an imminent, foreseeable and palpably unreasonable risk of bodily injury to students, and in particular, to Minor Plaintiff D.O.;

ss. Failure to take proper precautions so as to protect students, and in particular, Minor Plaintiff D.O., from an imminent, foreseeable and palpably unreasonable risk of bodily injury;

tt. Failure to take proper precautions so as to protect students, and in particular, Minor Plaintiff D.O., from an imminent, foreseeable and palpably unreasonable risk of another violent and brutal physical attack/assault

uu. Failure to exercise proper care so as to ensure the safety of the students;

vv. Failure to operate, maintain and control the premises and school property so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

ww. Failure to observe unsafe conditions so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

xx. Failure to correct unsafe conditions so as to ensure the safety of the students, and in particular, Minor Plaintiff D.O.;

yy. Negligent hiring, training and supervision of personnel/staff/employees;

zz. Failure to properly inform and or warn others of a known, dangerous condition;

aaa. Failure to properly inform and or warn others of a known, dangerous and imminent threat of bodily harm and physical injury;

bbb. Otherwise failed to ensure that the school buses were monitored, policed and supervised so as to ensure safe environment for students, and in particular, Minor Plaintiff D.O.;

ccc. Otherwise failed to ensure that the school premises were policed and supervised so as to ensure safe environment for students, and in particular, Minor Plaintiff D.O.; and

ddd. Ignored and failed to appropriately respond to Minor Plaintiff D.O.'s express statements that she feared a subsequent attack from her assailant and that she did not want to ride on the same bus as her assailant out of fear for her safety.

50.     As a direct and proximate result of the negligence, carelessness, recklessness, and/or palpably unreasonable conduct of Defendants DEF Private Entities 1-5 (Fictitious Defendants), and John/Jane Doe Private Employees 11-20 (Fictitious

Defendants) as described in the preceding paragraphs, Minor Plaintiff D.O. was caused to sustain life-altering, permanent physical injuries, pain and suffering, significant, severe and permanent facial scarring, significant obvious and noticeable facial disfigurement and deformities, nerve/neurological injuries, psychological and emotional injuries, grief, anguish and torment, feelings of isolation, alienation and a loss of self-esteem, fear, frustration, a loss of economic opportunity, forced to expend great sums of money to treat her injuries; and a profound loss of enjoyment of life.

WHEREFORE, Minor Plaintiff D.O., through her guardian ad litem M.O., demands judgment against DEF Private Entities 1-5 (Fictitious Defendants), and John/Jane Doe Private Employees 11-20 (Fictitious Defendants), jointly, severally, and individually for damages, together with interest, attorneys; fees, costs of suit and such other relief as the Court may deem just and equitable.

## SIXTH COUNT

51.    Minor Plaintiff D.O. repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint and incorporates same by reference as though set forth herein.

52.    The above-described conduct of DEF Private Entities 1-5 (Fictitious Defendants), and John/Jane Doe Private Employees 11-20 (Fictitious Defendants) was more than momentary thoughtlessness, inadvertence, or error of judgment on the part of these Defendants.

53.    Instead, said misconduct constitutes such an entire want of care and conscious indifference to the rights, welfare, safety, and health of Minor Plaintiff D.O. that said actions constitute wanton and willful misconduct.

54.    Indeed, the above-named Defendants failed to take appropriate measures to protect Minor Plaintiff D.O. from a subsequent/repeat attack from her assailant despite the fact that these Defendants had actual and/or constructive knowledge of the recent, brutal attack upon Minor Plaintiff D.O., despite the fact that D.O. expressly stated that she feared for her safety due to the likelihood of a repeat attack by the same assailant, and despite the fact that D.O. explicitly advised that she believed her physical safety was in jeopardy and requested that arrangements be made so that she would not have to ride the same school bus with her assailant.

55.    Said misconduct demonstrates a deliberate act or omission with knowledge of a high degree of probability of harm and reckless indifference to the welfare of their students, including Minor Plaintiff D.O., and warrants the imposition of Punitive Damages.

Case 1:16-cv-00379-NLH-KMW   Document 1-1   Filed 01/21/16   Page 36 of 37 PageID: 40

56.     As a direct and proximate result of the willful and wanton misconduct of DEF Private Entities 1-5 (Fictitious Defendants), and John/Jane Doe Private Employees 11-20 (Fictitious Defendants) as described in the preceding paragraphs, Minor Plaintiff D.O. was caused to sustain life-altering, permanent physical injuries, pain and suffering, significant, severe and permanent facial scarring, significant obvious and noticeable facial disfigurement and deformities, nerve/neurological injuries, psychological and emotional injuries, grief, anguish and torment, feelings of isolation, alienation and a loss of self-esteem, fear, frustration, a loss of economic opportunity, forced to expend great sums of money to treat her injuries; and a profound loss of enjoyment of life.

WHEREFORE, Minor Plaintiff D.O., through her guardian ad litem M.O., demands judgment against DEF Private Entities 1-5 (Fictitious Defendants), and John/Jane Doe Private Employees 11-20 (Fictitious Defendants), jointly, severally, and individually for punitive damages, together with interest, attorneys; fees, costs of suit and such other relief as the Court may deem just and equitable.

HOBBIE, CORRIGAN & BERTUCIO
A Professional Corporation
Attorneys for Plaintiff

BY: _____
NORMAN M. HOBBIE, ESQ.

DATED: 1/26/15

33

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues raised in the within pleading.

HOBBIE, CORRIGAN & BERTUCIO
A Professional Corporation
Attorneys for Plaintiff

BY:_____
NORMAN M. HOBBIE, ESQ.

DATED: 1/26/15

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:23-1, Norman M. Hobbies, Esq. is hereby designated as trial counsel herein.

HOBBIE, CORRIGAN & BERTUCIO
A Professional Corporation
Attorneys for Plaintiff

BY:_____
NORMAN M. HOBBIE, ESQ.

DATED: 1/26/15

## CERTIFICATION PURSUANT TO 4:5-1

1. The within matter is not the subject of any other presently pending litigation.

2. No other proceeding or arbitration is contemplated herein.

HOBBIE, CORRIGAN & BERTUCIO
A Professional Corporation
Attorneys for Plaintiff

BY:_____
NORMAN M. HOBBIE, ESQ.

DATED: 1/26/15

34