UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

D.O., a minor by her guardian
*ad litem*, M.O.,

        Plaintiffs,      Civil No. 16-379(NLH/KMW)

v.

                          **ORDER**

PENNSAUKEN HIGH SCHOOL, et al.,

        Defendants.

_____

    The Court having reviewed the removal petition filed on January 21, 2016 by Defendants Pennsauken High School, Pennsauken Board of Education, Pennsauken Public Schools, Tameka Matthews and Thomas Honeyman ("Defendants"), citing 28 U.S.C. § 1331 as the basis for jurisdiction; and it appearing as follows:

    1.  Federal courts have an independent obligation to address issues of subject matter jurisdiction <u>sua</u> <u>sponte</u> and may do so at any stage of the litigation; <u>see</u> <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing <u>Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1256 (3d Cir. 1977)).

    2. Defendants, as the parties attempting to bring this

matter before the Court, bear the burden of proving that this Court has subject matter jurisdiction.  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  If the Court lacks subject matter jurisdiction, it must remand the case.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

3. Defendants assert that the Court has federal question jurisdiction based on Third-Party Defendant S.C.A.'s answer and counterclaims made pursuant to the "Americans with Disability Act (and its Amendments), 42 U.S.C. §12101 et. seq.; Title VI and VII of the Civil Rights Act, 42 U.S.C. §2000(d), et seq.; 42 U.S.C. § 1983, and the 14th Amendment to the United States Constitution."  (Notice of Removal, Ex. F, p. 7, ¶ 47.)

4. Plaintiff's state court complaint alleges various state law tort claims and cites no federal law or statute.  (Notice of Removal, Ex. A.)

5. 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under § 1331, "[f]ederal question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question."  Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 Fed. App'x 289, 292

(3d Cir. 2010) (citing Club Comanche, Inc. v. Gov't of Virgin Islands, 278 F.3d 250, 259 (3d Cir. 2002)); see also Jayme v. MCI Corp., 328 Fed. App'x 768, 770 (3d Cir. 2008) ("For purposes of federal question jurisdiction, '[a]n action arises under the laws of the United States if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition.'") (citation omitted).

6.   The Court finds that Plaintiff's complaint does not pose a federal question.  Jayme, 328 Fed. App'x at 770. Defendants cannot create federal question jurisdiction because a counterclaim raises a federal question.  Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987) ("a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

ACCORDINGLY, it is on this  28th  day of  January  , 2016, **ORDERED** that Defendants shall have ten (10) days to file an amended Notice of Removal to properly comply with 28 U.S.C. §

1331.  If Defendants fail to do so, this case will be remanded

for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P.

12(h)(3).


                                   <u>   s/ Noel L. Hillman   </u>
                                   NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey